IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON KOZA, | § § § |
| *Plaintiff*, | § Case Number: 1:16-cv-956 (KMW) § |
| v. | § § |
| ROBERT DIGGS, TARIK AZZOUGARH, PADDLE8 NY LLC and MARTIN SHKRELI, | § § § |
| *Defendants*. | § § § |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REQUEST
FOR AN ORDER OF SERVICE UNDER RULE 4(f)(3)**

Defendant Tarik Azzougarh is a resident of Morocco and has expressed an intent to evade service in this matter. After a reasonable effort, plaintiff is unable to locate Mr. Azzougarh's address in Morocco. Thus, plaintiff respectfully requests an order under Federal Rule of Civil Procedure 4(f)(3) for service on Mr. Azzougarh via email.

On February 9, 2016, plaintiff sent Mr. Azzougarh a request to waive service and a copy of the complaint in this matter via an email address through which Mr. Azzougarh had recently communicated with Mr. Koza.[1] To date, Mr. Azzougarh has not returned the waiver or acknowledged the request. On February 24, 2016, the undersigned was contacted by an agent of Mr. Azzougarh named Cyrus, who expressed that Mr. Azzougarh intended to evade service.[2]

---

[1] Declaration of Peter Scoolidge ("Scoolidge Decl.") at Exhibit 1, Feb. 9, 2016 Email from P. Scoolidge to T. Azzougarh. Mr. Azzougarh emailed Mr. Koza on January 31, 2016 from info@rpeg-ltd.com.  *See* First Amended Complaint (Dkt. No. 15) at Exhibit 1.

[2] Scoolidge Decl. Exhibit 2, Feb. 24, 2016 Email from Cyrus to P. Scoolidge ("with [Mr. Azzougarh] living in Morocco and difficult to serve, it's going to be tricky.").

Plaintiff has endeavored to find Mr. Azzougarh's address in Morocco and retained a private investigations firm for that purpose. However, after a diligent effort the investigators were unable to find Mr. Azzougarh's address.[3]

Rule 4(f)(3) provides that the Court may order service on a defendant residing in a foreign country by a means not prohibited by international agreement.[4] In *FTC v. Pecon Software Ltd.*, the FTC attempted to serve a summons and complaint on several defendants in India through the Hague Convention.[5] However, service was not completed because the address of one defendant was apparently incorrect.[6] The FTC sought an order from the court under Rule 4(f)(3) directing service on the defendants via email and social media.[7]

The court observed that "[a] plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3), [but] . . . may nonetheless require parties to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary."[8] The court also noted that service via email or social media were not prohibited by international agreement.[9] The court also found that "[s]ervice by email alone comports with due

---

[3] *See* Scoolidge Decl. Exhibit 3, Mar. 7, 2016 Belmont Group Memorandum.

[4] Fed. R. Civ. P. 4(f)(3); *see also Fisher v. Petr Konchalovsky Found.*, 2016 U.S. Dist. LEXIS 31014, at *5 (S.D.N.Y. Mar. 10, 2016).

[5] *FTC v. Pecon Software Ltd.*, 2013 U.S. Dist. LEXIS 111375 (S.D.N.Y. Aug. 7, 2013).

[6] *Id.* at *6.

[7] *Id.* at *8.

[8] *Id.* at *10.

[9] *Id.* at *12.

process where a plaintiff demonstrates that the email is likely to reach the defendant."[10] Thus, the court granted FTC's request where the FTC had "demonstrated a high likelihood that defendants [would] receive and respond to emails sent to [those] addresses."[11]

Here, an order for service on Mr. Azzougarh via email is appropriate. First, plaintiff has failed after reasonable efforts to obtain Mr. Azzougarh's address in Morocco. A defendant cannot be served through the Hague Convention where that defendant's address is unavailable.[12] Further, Mr. Azzougarh has not agreed to waive service pursuant to Rule 4. Thus, plaintiff has shown a need to obtain service through an alternative means under Rule 4(f).

Second, plaintiff can demonstrate a high likelihood that Mr. Azzougarh will receive the summons and complaint via email. As mentioned above, Mr. Azzougarh communicated with plaintiff via the info@rpeg-ltd.com email address shortly before this matter was initiated. Further, Mr. Azzougarh's apparent agent communicated with the undersigned through a separate email address, cyrusk@hushmail.com, within the past month and suggested that Mr. Azzougarh was aware of the lawsuit and intended to evade service. Thus, the Court has a basis to conclude that Mr. Azzougarh and/or his agents are presently monitoring these two email addresses and will likely receive an email attaching a summons and complaint.

In light of the foregoing, plaintiff respectfully requests that the Court enter an order permitting plaintiff to serve Mr. Azzougarh with a summons and complaint via email to

---

[10] *Id.* at *14.

[11] *Id.* at *14-23; *see also AMTO, LLC v. Bedford Asset Mgmt., LLC*, 2015 U.S. Dist. LEXIS at *25 (S.D.N.Y. May 29, 2015) (ordering service via email under Rule 4(f)(3) where plaintiff made showing that email address had been used one month before order issued).

[12] 20 U.S.T. 361 Art. 1 ("This Convention shall not apply where the address of the person to be served with the document is not known.").

info@rpeg-ltd.com and cyrusk@hushmail.com, and such other and further relief as the Court may deem appropriate.

Date: March 31, 2016                                  Respectfully submitted,

                                                            */s/ Peter Scoolidge*
                                                             Peter Scoolidge (PS7107)
                                                             *Peter@ScoolidgeLLP.com*
                                                             Joshua P. Kleiman (JK8764)
                                                             *Josh@ScoolidgeLLP.com*
                                                             SCOOLIDGE KLEIMAN LLP
                                                             315 West 36th Street
                                                             New York, NY  10018
                                                             Tel: (212) 913-9455
                                                             Fax: (866) 344-5070

                                                             *Attorneys for Plaintiff*