UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON KOZA, | : |
| Plaintiff, | : |
| v. | Case No. 16-CV-956 (KMW) |
| ROBERT DIGGS, TARIK AZZOUGARH, PADDLES8 NY LLC, and MARTIN SHKRELI | : |
| Defendants. | : |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARTIN SHKRELI'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**Fox Rothschild LLP**
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940
*Attorneys for Defendant*
Martin Shkreli

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. STATEMENT OF FACTS.........................................................................................................1

III. STANDARD OF REVIEW ......................................................................................................2

IV. ARGUMENT.............................................................................................................................3

    A. Plaintiff Fails to Allege a Cause of Action Against Mr. Shkreli for Copyright Infringement........................................................................................................3

    B. Any Contributory Infringement Claim Against Mr. Shkreli Would Fail as a Matter Of Law ...............................................................................................................5

        1. Purpose And Character Of The Use.............................................................6

        2. Nature Of The Copyrighted Work ...............................................................7

        3. Amount and Substantiality............................................................................7

        4. Effect of Use On the Market........................................................................8

    C. Plaintiff Has Not Stated A Claim For Declaratory Relief........................................8

V. CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*Accurate Grading Quality Assurance, Inc. v. Thorpe*,
No. 12 Civ. 1343, 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ..................................................3

*Arista Records, LLC v. Doe 3*,
604 F.3d 110 (2d Cir. 2010) (citing 17 U.S.C. § 106)...................................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)................................................................ 2

*Associated Press v. Meltwater U.S. Holdings, Inc.*,
931 F. Supp. 2d 537 (S.D.N.Y. 2013).............................................................................................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)................................................................2

*Bill Graham Archives v. Dorling Kindersley, Ltd.*,
448 F.3d 605 (2d Cir. 2006)...........................................................................................................7

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
69 F.Supp.3d 342 (S.D.N.Y. 2014) ......................................................................................3, 4, 5

*Campbell v. Acuff-Rose Music, Inc.*
510 U.S. 569, 114 S.Ct. 1164 (1994).............................................................................................6

*Capitol Records, LLC v. ReDigi Inc.*,
934 F.Supp.2d 640 (S.D.N.Y. 2013)..............................................................................................5

*Carell v. Shubert Org., Inc.*,
104 F.Supp.2d 236 (S.D.N.Y. 2000)..............................................................................................4

*Cariou v. Prince*,
714 F.3d 694 (2d Cir. 2013).......................................................................................................3, 6

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
536 F.3d 121 (2d Cir. 2008)...........................................................................................................4

*Continental Casualty Co. v. Coastal Savings Bank*,
977 F.2d 734 (2d Cir. 1992)...........................................................................................................9

*Faulkner v. Nat'l Geographic Enters. Inc.*,
409 F.3d 26 (2d Cir. 2005).............................................................................................................5

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
471 U.S. 530 (1985) ................................................................................................................7

*Infinity Broad. Corp. v. Kirkwood*,
150 F.3d 104 (2d Cir. 1998) .....................................................................................................7

*Kelly v. Arriba Soft Corp.*,
336 F.3d 811 (9th Cir.2003) .....................................................................................................8

*Marthieson v. Associated Press*,
1992 WL 164447  (S.D.N.Y., June 25, 1992) ..........................................................................6

*McCarthy v. Dunn & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007) .....................................................................................................2

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ..............................................................................................................8, 9

*Myers Industries, Inc. v. Schoeller Arca Systems, Inc.*,
2016 WL 1092673 (S.D.N.Y. 2016) ........................................................................................ 8

*Paramount Pictures Corp. v. Int'l Media Films Inc.*,
No. CV 11-09112 SJO AJWX, 2013 WL 3215189 (C.D. Cal. June 12, 2013) .......................4

*Piven v. Wolf Haldenstein Adler Freeman & Herz LLP*,
2010 WL 1257326 (S.D.N.Y. 2010) .......................................................................................10

*Re-Alco Industries, Inc. v. National Center for Health Educ., Inc.*,
812 F.Supp. 387 (S.D.N.Y. 1993) ............................................................................................9

*Ritani, LLC v. Aghjayan, et al.*,
2013 WL 4856160 (S.D.N.Y., Sep. 9, 2013) ........................................................................... 2

*Scott v. WorldStarHipHop*,
2011 WL 5082410 (S.D.N.Y., Oct. 25, 2011) ..........................................................................3

*Soft Classic S.A. de C.V. v. Hurowitz*,
444 F.Supp.2d 231 (S.D.N.Y. 2006) ......................................................................................10

*Sony Corp. of America v. Universal City Studios, Inc.*,
464 U.S. 417 (1984) .................................................................................................................5

*Taylor v. Vt. Dep't of Educ.*,
313 F.3d 768 (2d Cir. 2002) .....................................................................................................2

*U.S. Bank Nat. Ass'n ex rel. Lima Acquisition LP v. PHL Variable Ins. Co.*,
2014 WL 998358 (S.D.N.Y. 2014) .........................................................................................10

| **Statutes** | **Page(s)** |
|---|---|
| 17 U.S.C. § 101 | 10 |
| 17 U.S.C. §107 | 5 |
| 17 U.S.C. §107(1)-(4) | 6 |
| Fed. R. Civ. P. 12(b)(6) | 1 |

Defendant Martin Shkreli ("Mr. Shkreli"), by and through his undersigned counsel, Fox Rothschild LLP, respectfully submits this Memorandum of Law in support of his Motion to Dismiss Count I (Copyright Infringement) and Count III (Declaratory Judgment) of Plaintiff Jason Koza's ("Plaintiff" or "Koza") Amended Complaint under Fed. R. Civ. P. 12(b)(6).[1]

## I.  PRELIMINARY STATEMENT

Plaintiff claims Mr. Shkreli infringed Plaintiff's copyright by "permitting" a news reporter to copy and display photographs of Plaintiff's work in an online news article.[2]  The Court should dismiss Count I (Copyright Infringement) of Plaintiff's Amended Complaint as to Mr. Shkreli because: (1) allegations someone permitted infringement does not constitute a claim of direct infringement, (2) Plaintiff has not pled a claim for contributory infringement against Mr. Shkreli and, (3) even if Plaintiff had pled a claim for contributory infringement against Mr. Shkreli such a claim would fail because the reporter's alleged infringement is protected by the fair use doctrine.

The Court should also dismiss Count III (Declaratory Judgment) of Plaintiff's Amended Complaint as to Mr. Shkreli because: (1) Plaintiff primarily seeks injunctive relief not declaratory relief and, (2) there is no justiciable controversy.

## II.  STATEMENT OF FACTS

Plaintiff alleges that he created illustrated portraits of nine members of the music group the Wu-Tang Clan.  (Amended Complaint, ¶ 24). The portraits employ a fanciful style and incorporate comic-book-style depictions of the artists. (Id., ¶ 26).  Plaintiff submitted digital images of the portraits to a blog: WuDisciples.blogspot.com. (Id., ¶ 28).  Plaintiff alleges he did

---

[1] Plaintiff's Amended Complaint purports to set forth three causes of action but only Count I (Infringement) and Count III (Declaratory Judgment) are against Mr. Shkreli.   A copy of Plaintiff's Amended Complaint is attached as Exhibit "A" to this Memorandum of Law.

[2] Amended Complaint, ¶ 56.

1

not authorize the use of the portraits outside of an implied license he granted for their display on the blog. (Id., ¶ 30).

The portraits were allegedly incorporated into a 174-page book that the Wu-Tang Clan included with an album titled, "Once Upon a Time in Shaolin" that was sold at auction to Mr. Shkreli. (Id., ¶¶ 38, 40, 42). The album is unique because only one copy was produced. (Id., ¶ 43). Plaintiff alleges that the reproduction and inclusion of the portraits in the 174-page book constitutes copyright infringement. (Id., ¶¶ 51-62). Plaintiff learned of the alleged infringement when he recognized three of the portraits in photographs that were part of a news article published online by Vice Magazine. (Id., ¶ 44) (A copy of the online news article is attached to this Memorandum of Law as Exhibit "B"). Upon learning of the alleged infringement, Plaintiff applied to the United States Copyright Office to register the portraits and, shortly thereafter, filed his Complaint. (Id., ¶ 48).

### III. <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ritani, LLC v. Aghjayan, et al.*, 2013 WL 4856160, *9 (S.D.N.Y., Sep. 9, 2013) *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, a plaintiff "must allege sufficient facts to 'nudge[ ] their claims across the line from conceivable to plausible.'" *Ritani, LLC*, 2013 WL 4856160 at *9 *quoting Twombly*, 550 U.S. at 570.

The Court's review is "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dunn & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)). For a

2

document to be "incorporated by reference," the "Complaint must make a clear, definite and substantial reference to the document." *Accurate Grading Assoc., Inc.* 2013 WL 1234836 at *6.

A court may assess the applicability of the fair use defense to copyright infringement in the context of a motion to dismiss when "the defense [. . .] appears on the face of the [complaint]." *Scott v. WorldStarHipHop*, 2011 WL 5082410, *8 (S.D.N.Y., Oct. 25, 2011). Here, the Vice news article is central to the Amended Complaint. The Court may review a copy of the Vice news article (Exhibit B) because it is referenced and cited in the Amended Complaint (Amended Complaint, ¶ 44 and n. 4) and images from the article are attached to the Amended Complaint as exhibits. (<u>Id</u>., at Exhibit 4). The Court therefore may simply review the news article and the claimed copyrighted work side-by-side and dispense with further motion practice. *See, e.g., Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir. 2013).

## IV.   ARGUMENT

### A.   Plaintiff Fails to Allege a Cause of Action Against Mr. Shkreli for Copyright Infringement.

The Court should dismiss Count I of the Amended Complaint (Copyright Infringement) as to Mr. Shkreli because Plaintiff has failed to plead any factual allegations against Mr. Shkreli that would support his claim of copyright infringement. As an owner of a copyright, one has the "exclusive right to—or to license others to—reproduce, perform publicly, display publicly, prepare derivative works of, and distribute copies of" one's copyrighted work. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (citing 17 U.S.C. § 106). To state a claim for copyright infringement, a plaintiff must allege: "(1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) 'by what acts during what time' the defendant infringed the copyright." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69

3

F.Supp.3d 342, 353 (S.D.N.Y. 2014) (quoting *Carell v. Shubert Org., Inc.*, 104 F.Supp.2d 236, 250 (S.D.N.Y. 2000)).

Here, Plaintiff has not alleged that Mr. Shkreli engaged in any act that could constitute copyright infringement.  Indeed, the only allegation in Count I of the Amended Complaint directed to Mr. Shkreli is paragraph 56: "Mr. Shkreli has infringed Mr. Koza's exclusive right of distribution by *permitting* at least three of the nine Wu-Tang Clan Portraits to be copied and displayed to the public in a news article without Mr. Koza's permission or license." (Amended Complaint, ¶ 56) (emphasis added).  Since Mr. Shkreli's alleged act of permitting the portraits to be copied and publicly displayed, without actually copying or publicly displaying the portraits himself, cannot constitute direct copyright infringement, Plaintiff's cause of action must be dismissed.  *BWP Media* at 355 (alleged encouragement of webmasters to infringe does not state cause of action for direct infringement) (*quoting Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 133 (2d Cir. 2008) "[T]he Supreme Court has strongly signaled its intent to use the doctrine of contributory infringement, not direct infringement, to 'identify[ ] the circumstances in which it is just to hold one individual accountable for the actions of another.' "); *Paramount Pictures Corp. v. Int'l Media Films Inc.*, No. CV 11-09112 SJO AJWX, 2013 WL 3215189, at *13 (C.D. Cal. June 12, 2013)( mere authorization of third party's infringing acts does not constitute direct copyright infringement on the part of defendant).

The Court should dismiss Count I of the Amended Complaint (Copyright Infringement) as to Mr. Shkreli because there are no factual allegations in the Amended Complaint that would support a claim for infringement against Mr. Shkreli.

4

### B. Any Contributory Infringement Claim Against Mr. Shkreli Would Fail as a Matter of Law.

Plaintiff has not pled the elements of a claim for contributory infringement against Mr. Shkreli. To state such a claim for contributory infringement, Plaintiff would need to allege that Mr. Shkreli "with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another." *Capitol Records, LLC v. ReDigi Inc.*, 934 F.Supp.2d 640, 658 (S.D.N.Y. 2013); *BWP Media*, 69 F.Supp.3d at 355 (quoting *Sony Corp. of America v. Universal City Studies, Inc.*, 464 U.S. 417 (1984)) ("Plaintiffs' complaint does not explain how Defendants' 'contribution to the creation of an infringing copy may be so great that it warrants holding that party directly liable for the infringement, even though another party has actually made the copy.'").

Thus, a plaintiff must establish an underlying direct infringement in order to state a claim for contributory infringement. *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005) ("there can be no contributory infringement absent actual infringement."). Here, Plaintiff must establish an infringement by Vice to maintain a claim for contributory infringement against Mr. Shkreli.

Plaintiff has not alleged that Mr. Shkreli engaged in contributory infringement. If Plaintiff were to make such a claim it would fail under the fair use doctrine. As set forth under Section 107 of the Copyright Act, the fair use doctrine permits the use of copyrighted works for news reporting, commentary and criticism, and provides a complete defense to an allegation of copyright infringement. 17 U.S.C. §107 ("[T]he fair use of a copyrighted work . . . is not an infringement of copyright.").

Courts consider four factors when determining fair use:  (i) the purpose and character of the use, including, whether such use is of a commercial nature or is for nonprofit educational purposes; (ii) the nature of the copyrighted work; (iii) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (iv) the effect of the use upon the potential market for or value of the copyrighted right." 17 U.S.C. §107(1)-(4); *Campbell v. Acuff-Rose Music, Inc.* 510 U.S. 569, 576, 114 S.Ct. 1164, 1170 (1994); *Cariou*, 714 F.3d at 705.

### 1. Purpose And Character Of The Use

The Supreme Court explained in *Campbell* that the first fair use factor requires the Court to assess whether the use is transformative, i.e. adds new meaning. *Campbell*, 510 U.S. at 579. In the context of news reporting the use of an image is transformative where it accompanies text for the purpose of conveying a story that is different than the meaning conveyed by the image itself. *See, e.g., Marthieson v. Associated Press*, 1992 WL 164447, *3 (S.D.N.Y., June 25, 1992).  Plaintiff acknowledges that the album and booklet are newsworthy items that were also reported in Bloomberg Businessweek. (Amended Complaint, ¶ 41). Indeed, Plaintiff calls the contribution of the Wu-Tang Clan to American music and culture "immeasurable," and notes they have sold more than ten million albums in the United States alone.  (Id., ¶¶ 15-16).  He further points out that "the visual artworks featured in Wu-Tang Clan album covers and liner notes have often been an important element of the albums they accompany."  (Id., ¶ 17).

The article further establishes that the portraits were included for the purpose of enabling the reader to view the album and related materials that Mr. Shkreli had purchased.  Other images include the album box, certificate of authenticity, lyric book cover, wax seal, CD cover, credits and preface.  The article emphasizes that the album and materials are one-of a kind and primarily focuses on why the Wu-Tang Clan chose to sell them to Mr. Shkreli.  Thus, the purpose and

6

character of the content of the Vice article is indisputably news-related, as stated by Plaintiff himself, which weighs in favor of a finding of fair use. (Id., ¶ 56).

## 2. Nature Of The Copyrighted Work

Courts look to whether the work has ever been published before, as "the author's right to control the first public appearance of his expression weighs against such use of the work before its release." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 530, 564 (1985). Here, Plaintiff alleges that in "2013 or 2014" he "submitted digital images of his nine Wu-Tang Clan Portraits to the WuArtTats@gmail.com email address and the works were posted on WuDisciples.blogspot.com website" before any of them appeared in the Vice news article. (Amended Complaint, ¶¶ 27-8). Plaintif acknowledges that the reason he authorized posting the portraits was for "public display." Id., ¶ 30). Because "the scope of fair use is narrower with respect to unpublished works," the fact that the public had already seen Plaintiff's works two to three years before they appeared in the Vice news article weighs in favor of fair use. *Harper,* 471 U.S. at 564.

## 3. Amount and Substantiality

Courts recognize that "the more of a copyrighted work that is taken, the less likely the use is to be fair." *Infinity Broad. Corp. v. Kirkwood*, 150 F.3d 104, 109 (2d Cir. 1998). Here, the reporter took two poor-quality photos of the portraits with his cell phone. (*See* Exhibit B; Amended Complaint at Exhibit 4). One photo contains two portraits, each at an angle. Id. Both photos have reflections presumably from overhead lighting or a flash. Id. No one could mistake these photos for the original illustrations and therefore this factor also weighs strongly in favor of finding fair use. *Bill Graham Archives v. Dorling Kindersley, Ltd*., 448 F.3d 605 (2d Cir. 2006)(reduced size of images of posters of famous music group the Grateful Dead and placement

of images at an angle on pages in biographical book weighed in favor of finding fair use); *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 555 (S.D.N.Y. 2013) (low resolution thumbnail pictures of photographs were fair use because they did not stifle artistic creativity or supplant the need for the originals) (*citing Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir.2003).

### 4. Effect of Use On the Market

Courts must "consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original." *Campbell*, 510 U.S. at 590. Here, the value of Plaintiff's work has likely increased because photos of the portraits were included in the Vice news article. Plaintiff acknowledges he previously gave digital copies of the portraits to WuDisciples.blogspot.com website and did not charge a license fee. (Amended Complaint, ¶¶ 27-30). He further acknowledges he did not register the portraits with the United States Copyright Office until after he read the Vice article. (Amended Complaint, ¶ 48). In sum, the fact that the portraits were included in the Vice news article has not caused any adverse impact on Plaintiff, and, therefore, the Court should find that the fourth factor supports a finding of fair use.

Accordingly, because Plaintiff cannot establish that Vice directly infringed his copyright, he may not maintain a claim for contributory infringement against Mr. Shkreli.

### C. Plaintiff Has Not Stated A Claim For Declaratory Relief.

In order to state a claim for declaratory relief, a plaintiff must demonstrate the existence of "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Myers Industries, Inc. v. Schoeller Arca Systems, Inc.*, 2016 WL 1092673, at *11 (S.D.N.Y. 2016) (citing *MedImmune,*

*Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). This Circuit has previously held that an action for declaratory relief should only be considered "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Casualty Co. v. Coastal Savings Bank*, 977 F.2d 734, 737 (2d Cir. 1992). Notably, a party's right to declaratory relief is not absolute. *See MedImmune,* 549 U.S. 118 at 126 ("The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it must do so.") (emphasis added).

Here, Plaintiff brings a cause of action for injunctive relief which is disguised as a request for declaratory relief. Indeed, Plaintiff alleges as part of his declaratory judgment claim that he is "entitled to obtain injunctive relief . . . to prevent further copying, distribution, and/or public display" of his portraits, yet he fails to request from this Court the type of relief that would reflect such a desire. (Amended Complaint, ¶ 69). Moreover, Plaintiff alleges that Mr. Shkreli "may imminently further copy, distribute, and/or publicly display" his works, thereby establishing the imminent harm element of his apparent injunctive relief claim. (Id., at ¶ 70). Seeing as his request for a declaratory judgment more closely resembles a claim for injunctive relief, this Court should dismiss Count III of Plaintiff's Amended Complaint for failure to state a claim.

In the alternative, should this Court find that Plaintiff has properly pled a cause of action for declaratory relief, his claim should be dismissed because there is no justiciable controversy, because the facts alleged by Plaintiff conclusively establish that Mr. Shkreli never infringed on Plaintiff's works. *See Re-Alco Industries, Inc. v. National Center for Health Educ., Inc.*, 812 F.Supp. 387 (S.D.N.Y. 1993) (dismissing plaintiff's declaratory relief claim due to plaintiff's

failure to disclose a justiciable controversy between the parties). Moreover, Plaintiff's action for declaratory relief is duplicative of his copyright infringement claim because he seeks a declaration from the Court that his portraits were used by Mr. Shkreli in violation of 17 U.S.C. § 101, which is the same relief he seeks as part of his copyright infringement claim. (Amended Complaint, ¶ 72); *U.S. Bank Nat. Ass'n ex rel. Lima Acquisition LP v. PHL Variable Ins. Co.*, 2014 WL 998358, at *9 (S.D.N.Y. 2014) (dismissing declaratory relief claim as duplicative where it "seeks no relief that is not implicitly sought in the other causes of action") (citing *Soft Classic S.A. de C.V. v. Hurowitz*, 444 F.Supp.2d 231, 249-50 (S.D.N.Y. 2006)); *Piven v. Wolf Haldenstein Adler Freeman & Herz LLP*, 2010 WL 1257326, at *11 (S.D.N.Y. 2010) (dismissing claim for declaratory relief because "Plaintiffs' rights . . . [would] be determined pursuant to an adjudication of their [other] claims"). Accordingly, Plaintiff's declaratory judgment action should be dismissed.

### V.     CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint as against Mr. Shkreli, with prejudice.

Dated:  New York, New York
       April 1, 2016

Respectfully submitted,

**Fox Rothschild LLP**

/s/ John A. Wait
John A. Wait, Esq.
FOX ROTHSCHILD LLP
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940
jwait@foxrothschild.com
*Attorneys for Defendant Martin Shkreli*